EXHIBIT A

**COSTELLO & MAINS, LLC**
By: Drake P. Bearden, Jr.
Attorney I.D. No. 039202009
18000 Horizon Way, Suite 800
Mount Laurel, NJ 08054
(856) 727-9700
Attorneys for Plaintiff

| | |
|---|---|
| KERIDA SCOTT, | SUPERIOR COURT OF NEW JERSEY |
| Plaintiff, | MERCER COUNTY - LAW DIVISION |
| vs. | CIVIL ACTION |
| AMAZON.COM SERVICES, LLC and JOHN DOES 1-5 AND 6-10, | DOCKET NO: MER-L-1462-21 |
| Defendants. | **SUMMONS** |

**From The State of New Jersey to the Defendant Named Above:**

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/pro se/10153_deptyclerklawref.pdf) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiffs' attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf

/s/   Michelle M. Smith
Clerk of the Superior Court

DATED: July 21, 2021

**Name of Defendant to be Served:**          Amazon.com Services, LLC

**Address of Defendant to be Served:**       Princeton South Corporate Center
                                             Suite 160
                                             100 Charles Ewing Boulevard
                                             Ewing, NJ 08628

**ATLANTIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division, Direct Filing
1201 Bacharach Blvd., First Fl.
Atlantic City, NJ 08401

LAWYER REFERRAL
(609) 345-3444
LEGAL SERVICES
(609) 348-4200

**BERGEN COUNTY:**
Deputy Clerk of the Superior Court
Civil Division, Room 115
Justice Center, 10 Main St.
Hackensack, NJ 07601

LAWYER REFERRAL
(201) 488-0044
LEGAL SERVICES
(201) 487-2166

**BURLINGTON COUNTY:**
Deputy Clerk of the Superior Court
Central Processing Office
Attn: Judicial Intake
First Fl., Courts Facility
49 Rancocas Road
Mt. Holly, NJ 08060

LAWYER REFERRAL
(609) 261-4862
LEGAL SERVICES
(800) 496-4570

**CAMDEN COUNTY:**
Deputy Clerk of the Superior Court
Civil Processing Office
Hall of Justice
1st Fl., Suite 150
101 South 5th Street
Camden, NJ 08103

LAWYER REFERRAL
(856) 964-4520
LEGAL SERVICES
(856) 964-2010

**CAPE MAY COUNTY:**
Deputy Clerk of the Superior Court
9 N. Main Street
Cape May Courthouse, NJ 08210

LAWYER REFERRAL
(609) 463-0313
LEGAL SERVICES
(609) 465-3001

**CUMBERLAND COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
Broad & Fayette Streets
P.O. Box 10
Bridgeton, NJ 08302

LAWYER REFERRAL
(856) 692-6207
LEGAL SERVICES
(856) 451-0003

**ESSEX COUNTY:**
Deputy Clerk of the Superior Court
Civil Customer Service
Hall of Records, Room 201
465 Dr. Martin Luther King Jr. Blvd.
Newark, NJ 07102

LAWYER REFERRAL
(973) 622-6204
LEGAL SERVICES
(973) 624-4500

**GLOUCESTER COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
Attn: Intake
First Fl. Court House
Woodbury, NJ 08096

LAWYER REFERRAL
(856) 848-4589
LEGAL SERVICES
(856) 848-5360

**HUDSON COUNTY:**
Deputy Clerk of the Superior Court
Superior Court, Civil Records Dept.
Brennan Court House – 1st Floor
583 Newark Avenue
Jersey City, NJ 07306

LAWYER REFERRAL
(201) 798-2727
LEGAL SERVICES
(201) 792-6363

**HUNTERDON COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
65 Park Avenue
Flemington, NJ 08822

LAWYER REFERRAL
(908) 735-2611
LEGAL SERVICES
(908) 782-7979

**MERCER COUNTY:**
Deputy Clerk of the Superior Court
Local Filing Office, Courthouse
175 S. Broad Street, P.O. Box 8068
Trenton, NJ 08650

LAWYER REFERRAL
(609) 585-6200
LEGAL SERVICES
(609) 695-6249

**MIDDLESEX COUNTY:**
Deputy Clerk of the Superior Court
Middlesex Vicinage
2nd Floor – Tower
56 Paterson Street
New Brunswick, NJ 08903

LAWYER REFERRAL
(732) 828-0053
LEGAL SERVICES
(732) 866-0020

**MONMOUTH COUNTY:**
Deputy Clerk of the Superior Court
Court House
71 Monument Park
P.O. Box 1269
Freehold, NJ 07728

LAWYER REFERRAL
(732) 431-5544
LEGAL SERVICES
(732) 866-0020

**MORRIS COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
Washington and Court Streets
P.O. Box 910
Morristown, NJ 07963

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 285-6911

**OCEAN COUNTY:**
Deputy Clerk of the Superior Court
Court House, Room 119
118 Washington Street
Toms River, NJ 08754

LAWYER REFERRAL
(732) 240-3666
LEGAL SERVICES
(732) 341-2727

**PASSAIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
Court House
77 Hamilton Street
Paterson, NJ 07505

LAWYER REFERRAL
(973) 278-9223
LEGAL SERVICES
(973) 523-2900

**SALEM COUNTY:**
Deputy Clerk of the Superior Court
92 Market Street
P.O. Box 29
Salem, NJ 08079

LAWYER REFERRAL
(856) 678-8363
LEGAL SERVICES
(856) 451-0003

**SOMERSET COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
P.O. Box 3000
40 North Bridge Street
Somerville, NJ 08876

LAWYER REFERRAL
(908) 685-2323
LEGAL SERVICES
(908) 231-0840

**SUSSEX COUNTY:**
Deputy Clerk of the Superior Court
Sussex County Judicial Center
43-47 High Street
Newton, NJ 07860

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 383-7400

**UNION COUNTY:**
Deputy Clerk of the Superior Court
1st Fl., Court House
2 Broad Street
Elizabeth, NJ 07207

LAWYER REFERRAL
(908) 353-4715
LEGAL SERVICES
(908) 354-4340

**WARREN COUNTY:**
Deputy Clerk of the Superior Court
Civil Division Office
Court House
413 Second Street
Belvedere, NJ 07823

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 475-2010

**COSTELLO & MAINS, LLC**
By: Drake P. Bearden, Jr.
Attorney I.D. No. 039202009
18000 Horizon Way, Suite 800
Mount Laurel, NJ 08054
(856) 727-9700
Attorneys for Plaintiff

| | | |
|---|---|---|
| KERIDA SCOTT, | : | SUPERIOR COURT OF NEW JERSEY |
| | : | MERCER COUNTY - LAW DIVISION |
| Plaintiff, | : | |
| | : | CIVIL ACTION |
| vs. | : | |
| | : | |
| AMAZON.COM SERVICES, LLC and | : | DOCKET NO: |
| JOHN DOES 1-5 AND 6-10, | : | |
| | : | |
| Defendants. | : | **COMPLAINT AND JURY DEMAND** |
| | : | |

Plaintiff, Kerida Scott, residing in the State of Pennsylvania, by way of Complaint against the Defendants, says:

### Preliminary Statement

Plaintiff brings this suit pursuant to the New Jersey Law Against Discrimination ("LAD") alleging disability discrimination and/or discrimination based on perceived disability, failure to accommodate and retaliation.

### Identification of Parties

1.     Plaintiff Kerida Scott was, at all relevant times herein, a resident of the State of Pennsylvania and former employee of the Defendant.

2.     Defendant Amazon.com Services, LLC, (herein after referred to as "Amazon") was, at all relevant times herein, a limited liability company registered and operating in the State

1

of New Jersey with its service of process address at Princeton South Corporate Center, Suite 160, 100 Charles Ewing Boulevard, Ewing, New Jersey 08628.

      3.     Defendants John Does 1-5 and 6-10, currently unidentified, are individuals and/or entities who, on the basis of their direct acts or on the basis of *respondeat superior*, are answerable to the Plaintiff for the acts set forth herein.

### General Allegations

      4.     Plaintiff began working for Defendant Amazon in 2018.

      5.     Plaintiff was terminated from her employment on or around July 4, 2021.

      6.     Prior to working for Defendant, Plaintiff was involved in a car accident wherein she suffered an injury to her lower back.

      7.     In 2018, when Plaintiff worked for Amazon, Plaintiff's lower back injury would be aggravated.

      8.     When this would occur, Plaintiff would take either voluntary time off or paid time off.

      9.     Plaintiff began working full-time during the pandemic due to the increased workload, and people leaving Defendant and becoming sick.

      10.    When Plaintiff was forced to work an increased workload, Plaintiff's back became morphed.

      11.    As a result of this, Plaintiff transferred to a DJE3 position in Logan Township, New Jersey.

      12.    Plaintiff transferred to this position because she believed she would be a Shift Assistant, and therefore have less physically demanding work that would affect her medical condition.

13.     Plaintiff believed this because Logan was a new location for Defendant, and did not have the same volume as Plaintiff's former working location, Belmar, New Jersey.

14.     After approximately four weeks of working at the Logan Township location, Plaintiff noticed the change did not help her back.

15.     Although the position involved less lifting, Plaintiff still spent long hours on her feet, which aggravated her back condition.

16.     On or around October 31, 2020, Plaintiff left her shift early due to back pain.

17.     Plaintiff's Supervisor, Joan Arberu approved Plaintiff leaving early as a result of her medical condition.

18.     Plaintiff was scheduled to return on November 1, 2020 at 1 a.m.

19.     Plaintiff called on or around 9:50 p.m. to take of November 1st.

20.     Plaintiff was told that whether or not Plaintiff could take off during that time was up to her Supervisor, Arberu.

21.     Plaintiff contacted Arberu, and Arberu told Plaintiff that she had to go on medical leave.

22.     Plaintiff then went out on leave, because Arberu instructed Plaintiff that she was required to do so.

23.     Plaintiff then proceeded to treat with a doctor.

24.     Plaintiff submitted return to work paperwork on or around December 10, 2020 to Human Resources for Defendant.

25.     Plaintiff was told by Defendant's Human Resources department that Plaintiff would have to wait to hear back from Accommodation for approval, which could take up to 21 days.

26.     On or around January 4, 2021, Plaintiff was notified that she was terminated from her employment with Defendant.

27.     Plaintiff then received a letter on or around January 5, 2021, from Autumn Moore with Defendant's Disability and Leave Services ("DLS").

28.     Plaintiff was advised by that letter that any absence after November 15th not covered by leave were subjected to the attendance policy.

29.     Upon receiving this letter, Plaintiff contacted DLS and spoke with Desirae Linsley, who was the DLS case manager.

30.     Linsley told Plaintiff that the prior case manager dropped the ball on Plaintiff's case, and did not follow up to get the accommodation approved for Plaintiff.

31.     Linsley stated that she was going to work on the issue.

32.     Plaintiff then called both Human Resources for Defendant and Linsley back in order to get an update.

33.     Plaintiff received an email from Linsley which indicated that the process had not been properly followed and the request for reinstatement was being submitted on Plaintiff's behalf by Linsley.

34.     On or around January 16, 2021, Plaintiff spoke with the Ethics Department for Defendant and was told that her issue would be looked into.

35.     Plaintiff visited the worksite on or around January 4, 2021, and was told by Human Resources that they did not receive the information needed for Plaintiff to return by Linsley.

36.     On or around February 14, 2021, Linsley called Plaintiff and told her that the issue with Plaintiff returning to work will be worked out.

37.   Plaintiff then did not hear anything else from anyone at Defendant until March 12, 2021.

38.   On that date, Linsley called Plaintiff and said Plaintiff needed to submit medical documentation to allow for an extended leave.

39.   On or around March 14, 2021, an individual named Paola from ethics called Plaintiff and told Plaintiff that there had been a thorough investigation and that there had been a violation of a policy in handling Plaintiff's leave request.

40.   Paola told Plaintiff she was provided an additional 15 days to submit documentation to support Plaintiff's leave request and accommodation.

41.   Plaintiff was advised to provide medical documentation within 15 days for review for reinstatement.

42.   Plaintiff provided Defendant with additional paperwork, but was still not permitted to return to work.

43.   As of the filing of this Complaint Plaintiff was not permitted to return to work with Defendant.

44.   During the time Plaintiff worked for Defendant, and up to and including the date of this Complaint, Plaintiff was capable of performing the essential functions of her job with an accommodation.

45.   Plaintiff was disabled within the meaning of the LAD.

46.   In addition or in the alternative, Defendant perceived Plaintiff as being disabled.

47.   Plaintiff requested an accommodation because of her disability, in particular, that Plaintiff be permitted to take a short medical leave of absence.

48.     Defendant failed to engage in the interactive process to determine whether or not the accommodation could be provided, and instead, forced Plaintiff to take a leave of absence, and then terminated Plaintiff.

49.     Providing the accommodation Plaintiff requested would not cause an undue hardship or burden to Defendant in the operation of its company.

50.     A determinative or motivating factor in Defendant's decision to deny Plaintiff's accommodation and terminate Plaintiff from her employment with Defendant, and prohibit Plaintiff from returning to her employment with Defendant was Plaintiff's disability.

51.     In addition, or in the alternative, a determinative or motivating factor in the adverse employment actions Defendant took against Plaintiff was Defendant's perception that Plaintiff was disabled.

52.     In particular, the adverse employment actions taken against Plaintiff included, but were not limited to, denying Plaintiff's accommodation, forcing Plaintiff to take a medical leave of action, terminating Plaintiff from her employment while she was on the medical leave of absence, denying Plaintiff's request that she be reinstated after Plaintiff was terminated from her employment.

53.     Plaintiff was further a member of a protected class as an individual who advanced her rights under the LAD by making a request for a reasonable accommodation.

54.     Subsequent to Plaintiff requesting the accommodation, Plaintiff was subjected to the adverse employment actions outlined above.

55.     Defendant's conduct in failing to engage in the interactive process, failing to reasonably accommodate Plaintiff, and terminating Plaintiff's employment was undertaken by

members of upper management and/or willfully ignored by members of upper management, and was especially egregious, warranting the imposition of punitive damages.

56.     Furthermore, Defendant Amazon has a policy and practice of discriminating against individuals because of their disabilities, failing to provide employees with accommodations, and retaliating against employees for requesting accommodations, which is demonstrated by the dozens of lawsuits filed against Amazon in the past six years in the State of New Jersey for violating New Jersey anti-discrimination laws.

57.     As a result of the unlawful conduct outlined above, Plaintiff has been forced to suffer both economic and non-economic harm.

## COUNT I

### Discrimination Under the LAD

58.     Plaintiff hereby repeats and re-alleges paragraphs 1 through 57, as though fully set forth herein.

59.     The conduct set forth above constitutes discrimination based on disability and is the responsibility of Defendant in both compensatory and punitive damages.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with compensatory damages, including emotional distress and personal hardship,  punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, equitable instatement or promotion, and any other relief the Court deems equitable and just.

## COUNT II

### Discrimination Based on Perception of Disability

60.     Plaintiff hereby repeats and re-alleges paragraphs 1 through 59, as though fully set forth herein.

61.     The conduct set forth above constitutes discrimination based on perception of disability and is the responsibility of Defendant in both compensatory and punitive damages.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with compensatory damages, including emotional distress and personal hardship, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, equitable instatement or promotion, and any other relief the Court deems equitable and just.

## COUNT III

### Retaliation Under the LAD

62.     Plaintiff hereby repeats and re-alleges paragraphs 1 through 61, as though fully set forth herein.

63.     Plaintiff engaged in protected activity pursuant to the LAD in making a request for a reasonable accommodation.

64.     As a result of Plaintiff's protected activity, Plaintiff was subjected to the adverse employment actions outlined above.

8

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with compensatory damages, including emotional distress and personal hardship, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, equitable instatement or promotion, and any other relief the Court deems equitable and just.

## COUNT IV

### Failure to Accommodate Under the LAD

65.    Plaintiff hereby repeats and re-alleges paragraphs 1 through 64, as though fully set forth herein.

67.    Plaintiff made a request for a reasonable accommodation due to Plaintiff's disability under the LAD.

68.    Defendant failed to engage in the interactive process to determine whether or not the accommodation could be provided, refused to provide Plaintiff with a reasonable accommodation, terminated Plaintiff's employment, and refused to allow Plaintiff to be reinstated as an employee with Defendant.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with compensatory damages, including emotional distress and personal hardship, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, equitable instatement or promotion, and any other relief the Court deems equitable and just.

## COUNT V

### Request for Equitable Relief

69.     Plaintiff hereby repeats and re-alleges paragraphs 1 through 68 as though fully set forth herein.

70.     Plaintiff requests the following equitable remedies and relief in this matter.

71.     Plaintiff requests a declaration by this Court that the practices contested herein violate New Jersey law as set forth herein.

72.     Plaintiff requests that this Court order the Defendants to cease and desist all conduct inconsistent with the claims made herein going forward, both as to the specific Plaintiff and as to all other individuals similarly situated.

73.     To the extent that Plaintiff was separated from employment and to the extent that the separation is contested herein, Plaintiff requests equitable reinstatement, with equitable back pay and front pay.

74.     Plaintiff requests, that in the event that equitable reinstatement and/or equitable back pay and equitable front pay is ordered to the Plaintiff, that all lost wages, benefits, fringe benefits and other remuneration is also equitably restored to the Plaintiff.

75.     Plaintiff requests that the Court equitably order the Defendants to pay costs and attorneys' fees along with statutory and required enhancements to said attorneys' fees.

76.     Plaintiff requests that the Court order the Defendants to alter their files so as to expunge any reference to which the Court finds violates the statutes implicated herein.

77.     Plaintiff requests that the Court do such other equity as is reasonable, appropriate and just.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with compensatory damages, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, and any other relief the Court deems equitable and just.

COSTELLO & MAINS, LLC

By:   */s/ Drake P. Bearden, Jr.*
Dated: July 14, 2021                          Drake P. Bearden, Jr.

11

## DEMAND TO PRESERVE EVIDENCE

1.      All Defendants are hereby directed and demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to Plaintiff's cause of action and/or prayers for relief, to any defenses to same, and pertaining to any party, including, but not limited to, electronic data storage, closed circuit TV footages, digital images, computer images, cache memory, searchable data, emails, spread sheets, employment files, memos, text messages and any and all online social or work related websites, entries on social networking sites (including, but not limited to, Facebook, twitter, MySpace, etc.), and any other information and/or data and/or things and/or documents which may be relevant to any claim or defense in this litigation.

2.      Failure to do so will result in separate claims for spoliation of evidence and/or for appropriate adverse inferences.

**COSTELLO & MAINS, LLC**

By:   _/s/ Drake P. Bearden, Jr._
       **Drake P. Bearden, Jr.**

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

**COSTELLO & MAINS, LLC**

By:   _/s/ Drake P. Bearden, Jr._
       **Drake P. Bearden, Jr.**

## RULE 4:5-1 CERTIFICATION

1.   I am licensed to practice law in New Jersey and am responsible for the captioned matter.

2.   I am aware of no other matter currently filed or pending in any court in any jurisdiction which may affect the parties or matters described herein.

**COSTELLO & MAINS, LLC**


By:   */s/ Drake P. Bearden, Jr.*
**Drake P. Bearden, Jr.**


## DESIGNATION OF TRIAL COUNSEL

Drake P. Bearden, Jr., Esquire, of the law firm of Costello & Mains, LLC, is hereby-designated trial counsel.

**COSTELLO & MAINS, LLC**


By:   */s/ Drake P. Bearden, Jr.*
**Drake P. Bearden, Jr.**

13

# Civil Case Information Statement

**Case Details: MERCER | Civil Part Docket# L-001462-21**

**Case Caption:** SCOTT KERIDA VS AMAZON.COM
SERVICES, LLC

**Case Initiation Date:** 07/14/2021

**Attorney Name:** DRAKE P BEARDEN JR

**Firm Name:** COSTELLO & MAINS, LLC

**Address:** 18000 HORIZON WAY STE 800

MT LAUREL NJ 080544319

**Phone:** 8567279700

**Name of Party:** PLAINTIFF : SCOTT, KERIDA

**Name of Defendant's Primary Insurance Company**
(if known): Unknown

**Case Type:** LAW AGAINST DISCRIMINATION (LAD) CASES

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 6 JURORS

**Is this a professional malpractice case?**  NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same
transaction or occurrence)?** NO

**Are sexual abuse claims alleged by: KERIDA SCOTT?** NO

---

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** YES

**If yes, is that relationship:** Employer/Employee

**Does the statute governing this case provide for payment of fees by the losing party?** YES

**Use this space to alert the court to any special case characteristics that may warrant individual
management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
**If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
**If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO

---

I certify that confidential personal identifiers have been redacted from documents now submitted to the
court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

07/14/2021
Dated

/s/ DRAKE P BEARDEN JR
Signed

MERCER COUNTY COURTHOUSE
CIVIL CASE MANAGMENT OFFICE
175 SOUTH BROAD ST P O BOX 8068
TRENTON        NJ 08650-0068

TRACK ASSIGNMENT NOTICE

COURT TELEPHONE NO. (609) 571-4200
COURT HOURS  8:30 AM - 4:30 PM

DATE:   JULY 14, 2021
RE:     SCOTT KERIDA  VS AMAZON.COM SERVICES,  LLC
DOCKET: MER L -001462 21

THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 3.

DISCOVERY IS   450 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

THE PRETRIAL JUDGE ASSIGNED IS:  HON DOUGLAS H. HURD

IF YOU HAVE ANY QUESTIONS, CONTACT TEAM     050
AT:  (609) 571-4200 EXT 74432.

IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.

ATTENTION:

ATT: DRAKE P. BEARDEN
COSTELLO & MAINS, LLC
18000 HORIZON WAY STE 800
MT LAUREL       NJ 08054-4319

ECOURTS

# EXHIBIT B

Denise M. Keyser (026471983)
Tara L. Humma (005452012)
BALLARD SPAHR LLP
A Pennsylvania Limited Liability Partnership
700 East Gate Drive, Suite 330
Mount Laurel, NJ  08054
Telephone: 856.761.3400
Facsimile: 856.761.1020
*Attorneys for Defendant Amazon.com Services, LLC*

| | | |
|---|---|---|
| KERIDA SCOTT, | : | |
| | : | |
| *Plaintiff*, | : | SUPERIOR COURT OF NEW JERSEY |
| | : | LAW DIVISION |
| v. | : | MERCER COUNTY |
| | : | |
| AMAZON.COM SERVICES, LLC and  JOHN | : | DOCKET NO. MER-L-1462-21 |
| DOES 1-5 AND 6-10, | : | |
| | : | CIVIL ACTION |
| *Defendants*. | : | |
| | : | |

## NOTICE OF FILING OF NOTICE OF REMOVAL

**TO:**    Clerk of the Court
Superior Court of New Jersey
Mercer County Civil Courthouse
175 South Broad Street, 1st Floor
Trenton, NJ  08650

Drake P. Bearden, Jr., Esq.
Costello & Mains, LLC
18000 Horizon Way, Suite 800
Mount Laurel, NJ  08054
*Attorneys for Plaintiff*

**PLEASE TAKE NOTICE** that Defendant Amazon.com Services, LLC, by and

through its undersigned counsel, filed a Notice of Removal in the United States District Court for

the District of New Jersey on the 20th day of August, 2021.

**PLEASE TAKE FURTHER NOTICE** that a true and correct copy of the

original Notice of Removal, which was filed in the United States District Court for the District of

New Jersey, is attached hereto (without exhibits) as Exhibit 1 and has been served along with this notice on counsel for Plaintiff.

      **PLEASE TAKE FURTHER NOTICE** that pursuant to 28 U.S.C. § 1446(d), no further proceedings shall occur in this Court unless and until this case is remanded.

 

 

*s/Tara L. Humma*
Denise M. Keyser (026471983)
Tara L. Humma (005452012)
BALLARD SPAHR LLP
A Pennsylvania Limited Liability Partnership
700 East Gate Drive, Suite 330
Mount Laurel, NJ  08054
Telephone:  (856) 761-3400

*Attorneys for Defendant Amazon.com Services, LLC*

DATED:  August 20, 2021

**CERTIFICATE OF SERVICE**

I, Tara L. Humma, hereby certify that on this date, I caused a true and correct

copy of the foregoing Notice of Filing of Notice of Removal to be served on the following

counsel for Plaintiff via the Court's electronic filing system and via email.

Drake P. Bearden, Jr., Esq.
Costello & Mains, LLC
18000 Horizon Way, Suite 800
Mount Laurel, NJ  08054
dbearden@costellomains.com
*Attorneys for Plaintiff*


DATE:  August 20, 2021                      *s/Tara L. Humma*
                                            Tara L. Humma